LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s reversal of the district court’s decision because I believe that the government, as trustee of the land involved here, had a duty to inform Colleen Renville DuMarce of an essential fact giving rise to a potential cause of action against the government, viz., the Supreme Court’s decision in *1306 Hodel v. Irving, 481 U.S. 704, 107 S.Ct. 2076, 95 L.Ed.2d 668 (1987).
The district court correctly held that the fiduciary relationship that the government assumed with respect to DuMarce entitled the court to toll the statute of limitations, thereby permitting DuMarce to recover for the unconstitutional taking of the land that she was apparently entitled to under the terms of her father’s will. The majority opinion articulates as the “Federal Circuit rule” that the government, as trustee, is required to inform Indian beneficiaries, such as DuMarce, only “of the facts giving rise to potential causes of action.” The opinion then proceeds to conclude that the government, through a Notice dated November 24, 1987, provided DuMarce with sufficient “facts giving rise to her potential cause of action.” I disagree with that conclusion.
The November 24, 1987 Notice, a document drafted like a judicial opinion, replete with legal jargon, informed DuMarce, a non-lawyer, that:
Part of the decedent’s land interests on the Sisseton Reservation are subject to Pub.L. 98-513, 9 Stat. 2411, entitled “An Act Pertaining to the Inheritance of Trust or Restricted Land on the Lake Traverse Indian Reservation in North and South Dakota” enacted October 19, 1984. That the Act provides, among other things, that the decedent’s heirs or devisees must be enrolled members to be eligible to a life estate and the title to the land escheats (passes) to the Tribe. In addition, if the decedent’s interest in a parcel of land amounts to less than 2/& acres, then such interest escheats to the Tribe (unless the land is located with a municipality) even though the decedent’s heirs are enrolled members of the tribe. Any property of a person dying before April 17, 1985 with a valid Will is not affected by this law.
The Notice then informed DuMarce that she owned less than a 2 acre property interest, and thus that her property would escheat to the United States in trust for the tribe. What the Notice did not inform DuMarce of, however, is that a similar law was struck down over six months earlier by the United States Supreme Court in Irving. The existence of that Supreme Court decision is arguably a fact that a trustee should have told its beneficiary. Even if it is not truly a “fact,” a trustee, having a fiduciary relationship to its beneficiary, should have been expected to inform its beneficiary concerning it.
As stated by the district court, the Supreme Court in Irving considered a takings claim “nearly identical to [the one] advanced in this case,” and declared the statute at issue in that case, § 207 of the Indian Land Consolidation Act of 1983, to be unconstitutional.[1] DuMarce, 277 F.Supp.2d at 1053. Relying on the holdings of Irving and a subsequent Supreme Court case striking down an amended version of § 207, Babbitt v. Youpee, 519 U.S. 234, 117 S.Ct. 727, 136 L.Ed.2d 696 (1997), the district court had “little trouble in concluding that section 5 [of the Sisseton-Wahpeton Sioux Act of 1984] violates the Fifth Amendment.” Id. Given that the only meaningful difference between § 207, which was considered in Irving, and § 5, applicable to this case, is the criterion for determining when an inherited property interest is too small to be devised, I agree *1307 with the district court that the claims in these two cases are “nearly identical.” Given the identity of the claims of the two eases, the holding of Irving could have assisted DuMarce in realizing that she may have had a potential cause of action against the government within the statute of limitations period. Moreover, DuMarce may have found it useful to know that the Supreme Court criticized a similar statute as “extraordinary” in that it “amounts to a virtual abrogation of the right to pass on a certain type of property — the small undivided interest — to one’s heirs.” Irving, 481 U.S. at 716, 107 S.Ct. 2076. Unfortunately, the government, as trustee, never informed DuMarce of the existence of the Irving ruling.
I do not believe that requiring the government to have informed DuMarce of the Supreme Court’s decision in Irving during the relevant time period is tantamount to requiring the government to act as[1] Du-Marce’s personal attorney, a legitimate policy concern of the majority. Informing a beneficiary of facts, as well as the circumstances surrounding those facts, such as the Irving decision, is not the same as acting as the beneficiary’s attorney. The nullification of § 207 was information that the government knew would have potentially allowed DuMarce to recognize her cause of action before the statute of limitations had run. The government, as trustee, had the duty of informing its beneficiary that the Supreme Court had struck down a law very similar to that which the “trustee” was currently enforcing against the “beneficiary” against the beneficiary’s interest. Aside from being essentially within the majority’s “Federal Circuit rule” requiring disclosure of facts, it represents a clear conflict of interest between the government’s role as trustee for DuMarce and its role in enforcing an unconstitutional statute against her. That conflict should have heightened the government’s duty to inform its beneficiary.
I therefore dissent from the majority’s contrary decision and would affirm the district court’s decision.

. Under § 207, "[N]o undivided factional interest in any tract of trust or restricted land within a tribe’s reservation or otherwise subjected to a tribe's jurisdiction shall descedent [sic] by intestacy or devise but shall escheat to that tribe if such interest represents 2 per centum or less of the total acreage in such tract and has earned to its owner less than $100 in the preceding year before it is due to escheat.”